UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAPA SAMBA SY,

              Petitioner,

v.

PAMELA BONDI, et al.,

              Respondent.

Case No. 2:25-cv-00276-RAJ-TLF

REPORT AND RECOMMENDATION

Noted for May 23, 2025

       Petitioner initiated this 28 U.S.C. § 2241 immigration habeas corpus petition to obtain release from immigration detention. Dkt. 1. On April 21, 2025, the Government filed a Notice of Change in Petitioner's Custody Status, informing the Court that U.S. Immigration and Customs Enforcement removed Petitioner to Senegal on March 29, 2025. Dkt. 10. Because Petitioner is no longer in immigration custody, the Government states Petitioner's case is moot. *Id.* The Court ordered Petitioner, who is represented by the Federal Public Defender's Office ("FPD"), to respond to the Government's notice and address the Petitioner's custody status and whether the habeas corpus petition is moot and should be dismissed. Dkt. 11. FPD filed a response on April 25, 2025, confirming Petitioner has been removed to Senegal and joined the Government's recommendation to the Court to dismiss the petition as moot. Dkt. 12.

       Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the

REPORT AND RECOMMENDATION - 1

petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Because Petitioner's habeas petition challenges only the length of his immigration detention, his removal causes this case to become moot. *Id.* at 1065. There is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition should be dismissed. *See id.*

Accordingly, the Court recommends that Petitioner's habeas petition and this action be **DISMISSED** without prejudice as the matter is now moot. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 23, 2025, as noted in the caption.

Dated this 8th day of May, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2